UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSE GRANADOS DOMINGUEZ, | ) | |
| Plaintiff, | ) | 2:13-cv-01169-KJD-PAL |
| vs. | ) | |
| | ) | **ORDER** |
| CLARK COUNTY DETENTION CENTER, *et al.*, | ) | |
| Defendants. | ) | |

    This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by an inmate.

**I. Screening Standard**

    Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.; see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth."

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. Screening of the Complaint**

Plaintiff, an inmate at the Clark County Detention Center, brings action against Clark County, Nevada, and the Las Vegas Metropolitan Police Department. Plaintiff alleges that he was subjected to the use of excessive force. Plaintiff also alleges that asbestos was pumped into the air cooling system at the Clark County Detention Center.

To the extent that plaintiff seeks to bring action against Clark County and the Las Vegas Metropolitan Police Department, he may only do so by alleging a policy or custom that violates his constitutional rights. A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Rather, to state a claim for municipal or county liability, plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit. *City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff has not alleged that any policy or custom of Clark County or the Las Vegas Metropolitan Police Department has violated his constitutional rights. Therefore, this claim is dismissed, with leave to amend.

1  Plaintiff is granted leave to amend, to the extent he can correct the deficiencies outlined above.

2      Regarding the claim of excessive force, when a prison official stands accused of using
3  excessive physical force in violation of the cruel and unusual punishment clause of the Eighth
4  Amendment, the question turns on whether force was applied in a good-faith effort to maintain or
5  restore discipline, or maliciously and sadistically for the purpose of causing harm. *Hudson v.*
6  *McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). In
7  determining whether the use of force was wanton and unnecessary, it is proper to consider factors
8  such as the need for application of force, the relationship between the need and the amount of force
9  used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the
10 severity of the forceful response. *Hudson*, 503 U.S. at 7. In the instant case, plaintiff has failed to
11 identify any individual who subjected him to the use of excessive force. Therefore, the claim is
12 dismissed, with leave to amend. Plaintiff may file an amended complaint alleging that a specific
13 individual subjected him to the use of excessive force.

14     As to the claim that plaintiff was exposed to asbestos, plaintiff has failed to identify any
15 individual who subjected him to unconstitutional conditions of confinement. "It is undisputed that
16 the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined
17 are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993);
18 *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Although prison conditions may be
19 restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation,
20 medical care, and personal safety. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Toussaint v.*
21 *McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir.
22 1982). Because plaintiff has failed to identify any defendant who has subjected him to
23 unconstitutional conditions of confinement, this claim is dismissed with leave to amend. Plaintiff is
24 granted leave to file an amended complaint, to the extent he can allege facts indicating that a specific
25 individual subjected him to unconstitutional conditions of confinement.

26 / / / / / / / / / / /

### III. Leave to File an Amended Complaint

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of his complaint as outlined in this order, if he can allege additional facts in good faith to state a viable claim. If plaintiff chooses to file an amended complaint, he is advised that an amended complaint supercedes the original complaint and therefore must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted). Therefore, any amended complaint must contain all claims, defendants, and factual allegations that plaintiff wishes to pursue in this lawsuit. Moreover, the amended complaint must be filed on the Court's approved prisoner civil rights form and must be entitled "First Amended Complaint."

### IV. Conclusion

**IT IS THEREFORE ORDERED** that the complaint is **DISMISSED WITH LEAVE TO FILE AN AMENDED COMPLAINT.**

**IT IS FURTHER ORDERED** that if plaintiff chooses to file an amended complaint curing the deficiencies outlined in this order, the amended complaint shall be filed within **thirty (30) days** from the date of entry of this order.

**IT IS FURTHER ORDERED** that the Clerk **SHALL SEND** to plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint. If plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint in accordance with this order, this action will be dismissed with prejudice.

Dated this \_\_16\_\_ day of December, 2013.

_____
UNITED STATES DISTRICT JUDGE

5