**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JOSE GRANADOS DOMINGUEZ, | ) | |
| Plaintiff, | ) | 2:13-cv-01169-KJD-PAL |
| vs. | ) | |
| CLARK COUNTY DETENTION CENTER, *et al.*, | ) | **ORDER** |
| Defendants. | ) | |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by an inmate. On December 16, 2013, the Court issued an order screening the complaint. (ECF No. 5). The order explained why the complaint failed to state a cognizable claim for relief and granted plaintiff thirty days in which to file an amended complaint. (*Id.*). The thirty-day period has now expired, and plaintiff has not filed an amended complaint or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Pagtalunan v. Galaza,* 291 P.3d 639, 643 (9th Cir. 2002) (dismissal of habeas corpus petition with prejudice for failure to prosecute action and failure to comply with a

1  court order)*; Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with
2  local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)  (dismissal for failure to
3  comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41
4  (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court
5  apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for
6  failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)
7  (dismissal for failure to lack of prosecution and failure to comply with local rules).

8        In determining whether to dismiss an action for lack of prosecution, failure to obey a court
9  order, or failure to comply with local rules, the court must consider several factors: (1) the public's
10 interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk
11 of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
12 (5) the availability of less drastic alternatives. *Pagtalunan*, 291 F.3d at 642; *Thompson*, 782 F.2d at
13 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61;
14 *Ghazali*, 46 F.3d at 53.

15        The Court finds that the first two factors, the public's interest in expeditiously resolving this
16 litigation and the court's interest in managing the docket, weigh in favor of dismissal.  The third
17 factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of
18 injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or
19 prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth
20 factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the
21 factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to
22 obey the court's order will result in dismissal satisfies the "consideration of alternatives"
23 requirement. *Pagtalunan*, 291 F.3d at 643; *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone*, 833 at
24 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order requiring plaintiff to file an amended
25 complaint within thirty days expressly stated:  "IT IS FURTHER ORDERED that if plaintiff fails to
26 file an amended complaint in accordance with this order, this action will be dismissed with

1  prejudice." (ECF No. 5, at p. 5).  Thus, plaintiff had adequate warning that dismissal would result
2  from his noncompliance with the Court's order.
3      **IT IS THEREFORE ORDERED** that this action is **DISMISSED WITH PREJUDICE**
4  based on the failure to state a cognizable claim and plaintiff's failure to file an amended complaint in
5  compliance with this Court's order.
6      **IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.
7  DATED:  February 24, 2014

                                                  UNITED STATES DISTRICT JUDGE